IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT W. TESSEN,

          Plaintiff,

v.

STEVE HELGERSON, NANCY HAHNISCH,
DARCI BURRESON, JENNIFER NICKEL and
NATALIE NEWMAN,

          Defendants.

ORDER

10-cv-104-wmc

      In an order dated March 25, 2010, Judge Crabb extended plaintiff Robert Tessen's deadline to submit an initial partial payment of the filing fee in the amount of $4.31 and gave him until April 14, 2010, in which to make the payment. In response to the March 25 order, plaintiff submitted a motion for sanctions against the financial director at Columbia Correctional Institution for failing to send plaintiff's initial partial payment of the filing fee to this court. Dkt. 11. He has attached to his motion a disbursement request dated March 7, 2010, on which a prison employee in the business office named A. Rogers notes that plaintiff has "no money in acct. to send." Also attached to plaintiff's motion for sanctions is a statement from the Wisconsin Court of Appeals showing that a payment of $24.36 was paid with check number 122713 on March 29, 2010 for case 2008AP003213.

      It is not clear whether plaintiff's initial payment has not been remitted because prison officials have chosen to give priority to plaintiff's other debts or whether plaintiff has not received any income from which the initial partial payment can be made. The Seventh Circuit has not definitively ruled on the question whether jails and prisons may ignore a plaintiff's obligations under the Prison Litigation Reform Act in favor of making payments on debts a prisoner owes to the county, state or even his victims under a restitution program. However, in

*Newlin v. Helman*, 123 F.3d 429, 435-36 (7th Cir. 1997) the court of appeals suggested in dicta that prison officials are required by statute to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its collection should have come off the top of the next deposit of prison wages." Thus, the fact that plaintiff has other debts and obligations should not prevent him from making the initial partial payment he has been assessed in this case.

Because I do not wish to decide this matter without allowing the prison an opportunity to address the issue, I am sending a copy of this order to the warden at the Columbia Correctional Institution, and requesting that he direct someone to look into the matter and advise this court, in writing, of the status of plaintiff's request for withdrawal of the initial partial payment. If plaintiff has not received any income since entry of the March 5 order assessing the $4.31 payment and he has no available funds in his release account, then plaintiff will have until May 10, 2010, to obtain the funds from another source, or he may refile his case at a later date when a six-month trust fund account statement would show that he has had no income for an entire six-month period. Alternatively, if the warden determines that a state statute, a state court order or prison policy is guiding the decision to give priority to plaintiff's state court obligation to the exclusion of his federal court obligation, then the warden is to advise the court of that authority.

Plaintiff has filed two additional motions that I will address at this time. First, plaintiff has filed a motion for leave to serve additional interrogatories and requests for admissions. Dkt. 7. This motion will be denied as premature. In this court, discovery in pro se lawsuits does not begin until after the court holds the preliminary pretrial conference. After that, if plaintiff believes more than 25 interrogatories are necessary, then he may file a renewed motion.

Finally, plaintiff has filed a motion for leave to amend the complaint. He asks permission to amend the complaint to add Kim Campbell as a defendant to this lawsuit. Plaintiff appears to believe that his motion constitutes a proper proposed amended complaint. It does not. Plaintiff's amended complaint, if it is allowed, will completely replace the original complaint. Therefore, it must contain all of the allegations of the original complaint that plaintiff wishes to keep and omit all of the allegations that he wishes to delete. Also, where a plaintiff wants to add defendants, he must allege in the amended complaint how each new defendant was personally involved in the alleged constitutional wrongdoing. It must be very clear to the court exactly what changes plaintiff wants made to his original complaint. Therefore, this court requires pro se litigants who want to amend a pleading to draw a line through all allegations of the original complaint that he wants removed and highlight all the allegations that are new.

Because plaintiff has not yet submitted a proposed amended complaint, I will deny his motion to amend without prejudice to his filing a new motion to amend, together with a proposed amended complaint that is in the format described above

ORDER

IT IS ORDERED that:

1. No later than May 10, 2010, the warden at Columbia Correctional Institution is to advise this court of the status of plaintiff's request for withdrawal of the initial partial payment in this case.

2. Plaintiff's motion for sanctions, dkt. 11, is STAYED pending receipt of the warden's correspondence with this court regarding the withdrawal of petitioner's initial partial payment.

3. Plaintiff's motion to be allowed additional interrogatories and requests for admissions, dkt. 7, is DENIED without prejudice.

4. Plaintiff's motion for leave to amend his complaint is DENIED without prejudice to plaintiff's filing a new motion to amend accompanied with a proposed amended complaint.

Entered this 23rd day of April, 2010.

>BY THE COURT:
>
> /s/
>
> STEPHEN L. CROCKER
> Magistrate Judge