IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT W. TESSEN,

         Plaintiff,

v.

STEVE HELGERSON, NANCY HAHNISCH,
DARCI BURRESON, JENNIFER NICKEL and
NATALIE NEWMAN,

         Defendants.

ORDER

10-cv-104-wmc

---

In an order dated March 4, 2010, the court gave plaintiff Robert Tessen, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, until March 24, 2010, to submit an initial partial payment of $4.31 towards the $350 fee for filing this 42 U.S.C. § 1983 civil action. On April 2, 2010, Tessen filed a motion to order prison officials to submit the initial partial payment to this court and to sanction the financial director at Columbia Correctional Institution for sending a payment of $24.36 to the Wisconsin Court of Appeals on or about March 29, 2010, instead of sending the initial partial filing fee to this court in violation of *Newlin v. Helman*, 123 F.3d 429, 435-36 (7th Cir. 1997). In an order dated April 23, 2010, the court stayed a decision on Tessen's motion for sanction and requested that the prison's warden look into the matter and advise the court, in writing, of the status of Tessen's payment.

The warden responded in a letter dated April 28, 2010, stating "The plaintiff has not received any income since entry of the March 5 order assessing the $4.31 payment and he has no available funds in his release account." This response might be deemed technically compliant were it not for the body of the court's April 23 order, which calls for an explanation as to why

a payment was made on behalf of Tessen to the Wisconsin Court of Appeals in the amount of $24.36 on March 29, 2010, more than three weeks after the entry of this court's order assessing plaintiff a $4.31 initial partial payment of the filing fee in this case.

In *Newlin,* the Seventh Circuit suggested in dicta that state prison officials are required by 28 U.S.C. § 1915(b) to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its collection should have come off the top of the next deposit of prison wages." Thus, the fact that plaintiff has other debts and obligations should not have taken priority over the initial partial payment he had been assessed in this case. It would at least appear that prison officials chose to give priority to plaintiff's subsequent state court debts rather than paying the initial partial filing fee Tessen owed in this case.

Rather than belabor the point by expressly ordering an explanation, however, the court simply puts this institution and its counsel on notice that further, approved payments out of an inmate's account which give priority to plaintiff's state court obligations over his federal court obligations, will not be met with such forebearance.

Tessen's motion for sanctions here will be denied and the court will take Tessen's complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff should be aware that he is obligated to pay the $350 filing fee, even if this court determines that he will not be permitted to proceed with his complaint *in forma pauperis* and even if he does not presently have funds with which to pay the fee. 28 U.S.C. § 1915(b)(1). Tessen's account will be monitored and the fee must be taken in monthly installments when the funds exist.

ORDER

IT IS ORDERED that plaintiff's motion for sanctions, dkt. #11, is DENIED.

Further, IT IS ORDERED that plaintiff's complaint is taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Plaintiff will be notified promptly when such a decision has been made. The Clerk of Court is requested to insure that the court's financial records reflect that Tessen owes the $350 fee for filing this case, in accordance with the requirements of the Prison Litigation Reform Act.

Entered this 12th day of May, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge