IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT W. TESSEN,

                Plaintiff,                           ORDER

    v.

                                            10-cv-104-wmc

STEVE HELGERSON, NANCY HAHNISCH,
DARCI BURRESON, JENNIFER NICKEL and
NATALIE NEWMAN,

                Defendants.

---

Presently before the court is plaintiff Robert Tessen's motion for an extension of his legal loan and to sanction the warden of Columbia Correctional Institution, for refusing to extend Tessen's legal loan and blocking Tessen's access to this court. Tessen's motion will be denied.

Under Wis. Admin. Code § DOC 309.51, an inmate's "loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents." Whether plaintiff can convince prison officials to find extraordinary circumstances warranting an extension of this legal loan limit is not a matter for this court to decide.

In *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit held that federal district courts in Wisconsin were under no obligation to order the state of Wisconsin to lend prisoners more money than they are authorized to receive under Wis. Adm. Code § DOC 309.51. In reaching this conclusion, the court of appeals stated,

> The Wisconsin statute is not intended for the funding of prisoners' suits--as explained in the *Luedtke [v. Bertrand*, 32 F.Supp.2d 1074, 1076 (E.D.Wis.1999)] case, the loans authorized by the statute are not "funds

which are disbursed or credited to an inmate's account to be used as he wishes" but rather "simultaneous credits and debits ... for the sole purpose of enabling prisoners to purchase 'paper, photocopy work, or postage' on credit." And Lindell has "no constitutional entitlement to subsidy," *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir.2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir.1998). If he is able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension of credit will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

*Id*.

This court will not order the state of Wisconsin to lend prisoners more money or paper than they are authorized to receive under § DOC 309.51. Additionally, the question whether Tessen's right of access to the courts is being blocked by the failure of prison officials to extend Tessen's legal loan is not an issue that was raised in Tessen's underlying complaint. It is a new claim of constitutional wrongdoing that Tessen is asserting against persons who may or may not be parties to this lawsuit, and thus not a claim properly raised in the context of this lawsuit.

There is one situation in which the court may take up the matter of court access in the context of a pending lawsuit, though not applicable to the underlying complaint here. If a prison official were actively and physically to block a plaintiff's ability to come to trial or defend against a motion filed by the defendants, the court may ask defendants' counsel to look into the matter and report the circumstances to the court. This authority to entertain an issue that was not formally raised in the complaint stems from the court's inherent powers to exercise administrative control over the progress of the suits submitted to it for adjudication.

2

Even if this court believed it appropriate to question prison officials' decisions regarding the use of legal loan funds for a particular inmate (which it is not doing here), Tessen would have to provide far more information than he has regarding his attempts to extend his legal loan.  Tessen will have to do the best he can with the limited resources he has.  Like any other person on a tight budget, Tessen must make careful choices about how he uses the remainder of his legal loan. Because Tessen has made no showing that he is entitled to the order he seeks, his motion will be denied.


ORDER

IT IS ORDERED that plaintiff Robert Tessen's motion for an extension of his legal loan and for sanctions, dkt. #22, is DENIED.

Entered this 24th day of May, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3