IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT W. TESSEN,

                  Plaintiff,                  ORDER

    v.

                                        10-cv-104-wmc

STEVE HELGERSON, NANCY HAHNISCH,
DARCI BURRESON, JENNIFER NICKEL,
NATALIE NEWMAN and KIM CAMPBELL,

                  Defendants.

---

In an order entered on October 24, 2011, I assessed plaintiff Robert Tessen an initial partial payment of the appeal filing fee in the amount of $1.64 and gave him until November 16, 2011, in which to submit his payment. Now plaintiff has filed a motion for sanctions against institution officials at the Green Bay Correctional Institution for failing to submit the partial appeal payment to this court. I will deny plaintiff's request for sanctions, but will give plaintiff an extension of time so that he may coordinate payment of the initial partial filing fee with the financial office at the institution.

In support of his motion, plaintiff asserts that on October 27, 2011, the institution credited plaintiff's account with $33.15. However on October 27 and November 2, 2011 the institution's business office deducted $13.85 and $19.30, respectively to pay other debts that plaintiff owes instead of sending plaintiff's initial partial appeal payment to this court.

Pursuant to the Court of Appeals for the Seventh Circuit's holding in *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1977), *rev'd on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), the court of appeals noted that how much a prisoner owes, and how it will be collected, is determined entirely by 28 U.S.C. § 1915 and is outside the prisoner's (and the prison's) control once the prisoner files a complaint or notice of appeal. The court of appeals suggested in dicta that prison officials are required by

statute to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its collection should have come off the top of the next deposit of prison wages."

Thus, the fact that plaintiff has other debts and obligations should not have prevented him from making the $1.64 initial partial appeal payment he had been assessed in this case so long as the institution had properly received notice that plaintiff has an initial partial payment due to the court. Because it may be that poor communication between plaintiff and the business office resulted in the failure of the institution to send the $1.64 payment to the court, I will extend the deadline within which plaintiff is to submit the $1.64 initial partial appeal fee until December 16, 2011. In order to insure payment of the assessed amount, I am sending a copy of this order to the warden at the Green Bay Correctional Institution and requesting that he take whatever steps are necessary to see to it that the initial partial appeal payment ordered in this case is paid from the next deposit made to plaintiff's account.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Tessen's motion for sanctions, dkt. #110 is DENIED.

2. Plaintiff may have an enlargement of time to December 16, 2011 in which to submit a check or money order made payable to the clerk of court in the amount of $1.64. If, by December 16, 2011, plaintiff fails to make the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Entered this 22nd day of November, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge